UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMIE LEE DAVIS,

                               Plaintiff,

        -v-

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.
_____

19-CV-007-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 10).

Plaintiff Jamie Lee Davis brings this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security finding him ineligible for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Davis' motion (Dkt. No. 7) is granted, the Commissioner's motion (Dkt. No. 8) is denied, and the case is remanded.

## BACKGROUND[1]

Davis protectively filed an application for DIB and SSI on October 28, 2015, alleging a disability as of July 1, 2014, due to a heart condition, sleep disorder, anxiety, depression, Irritable Bowel Syndrome, and hiatal hernia. (Tr. 11, 142-154, 183).[2] His

---

[1] The Court assumes the parties' familiarity with the record in this case.
[2] References to "Tr." are to the administrative record in this case.

claim was initially denied January 27, 2016. (Tr. 85-92, 93-106). On February 25, 2016, Davis filed a timely written request for a hearing. (Tr. 93-105).

On January 28, 2018, a hearing was conducted by Administrative Law Judge ("ALJ") Lynette Gohr. (Tr. 27-68). Davis appeared, along with his attorney. A vocational expert also appeared via telephone. At the hearing, Davis, through counsel, requested a closed period of disability beginning July 1, 2014 to March 2, 2017. (Tr. 11).

On March 16, 2018, the ALJ issued a decision finding Davis not disabled during the closed period of disability. (Tr. 8-26). That decision became final when on November 2, 2018, the Appeals Council denied his request for review. (Tr. 1-4). This action followed.

## DISCUSSION

### I.  *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record,

read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.  Standards for Determining "Disability" Under the Act

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether

such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed

in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III. *The ALJ's Decision*

The ALJ followed the required five-step analysis for evaluating disability claims. Under step one, the ALJ found that Davis had not engaged in substantial gainful activity during the closed period. (Tr. 13). At step two, the ALJ concluded that during the closed period, Davis had the following severe impairments: bipolar disorder; generalized anxiety disorder; borderline antisocial personality disorder; and substance use disorder. (Tr. 14). At step three, the ALJ found that during the closed period, Davis did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. *Id.* Before proceeding to step four, the ALJ assessed Davis' RFC, in pertinent part, as follows:

> [D]uring the requested closed period at issue, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: occasional interaction with supervisors, co-workers and the public. The claimant was able to work in a low stress work environment defined as including simple instructions and tasks, no supervisory duties, no independent decision-making, no strict production quotas and minimal changes in work routine and processes.

(Tr. 15). Proceeding to step four, the ALJ found that during the closed period, Davis was unable to perform any past relevant work. (Tr. 20). At step five, the ALJ found that, considering Davis' age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy during the closed period that he

could have performed, such as Marker, Press Tender, and Laundry Sorter. (Tr. 21). Accordingly, the ALJ concluded that Davis was not disabled under the Act during the closed period. (Tr. 22).

### IV. *Davis' Challenge*

Davis argues that remand is required because when determining his mental RFC, the ALJ erred by failing to evaluate properly his limitations due to stress. Specifically, Davis asserts that the ALJ erred when he gave "significant weight" to the opinion of consultative psychiatric examiner, Dr. Gregory Fabiano, Ph.D., but ignored Dr. Fabiano's opinion that Davis had "moderate limitations in his ability to . . . appropriately deal with stress." (Tr. 20). The Commissioner maintains that the ALJ properly considered Davis' limitation in dealing with stress by limiting him to work in a "low stress work environment."

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006) (citing S.S.R. 85-15, 1985 WL 56857 (S.S.A. Jan 1, 1985) and *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")). An ALJ is required to specifically inquire into and analyze a claimant's ability to manage stress. *Haymond v. Colvin*, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014).

Here, the ALJ failed to make specific findings about the nature of Davis' stress, the circumstances that trigger it, and how those factors affect his ability to work. This was error and requires remand. See *Herb v. Comm'r of Soc. Sec.*, 366 F.Supp.3d 441, 447 (W.D.N.Y. 2019); *Burke v. Berryhill*, 17-CV-6369-MAT, 2018 WL 1940260, at *4 (W.D.N.Y. Apr. 25, 2018); *Cefarilli v. Berryhill*, 16-CV-6736-FPG, 2017 WL 4585263, at *3-4 (W.D.N.Y. Oct. 16, 2017); *Collins v. Colvin*, No. 15-CV-423-FPG, 2016 WL 5529424, at *3 (W.D.N.Y. Sept. 30, 2016) (internal quotations and citations omitted). An ALJ is required to inquire specifically into and analyze a claimant's ability to manage stress. "An ALJ's failure to explain or account for stress limitations in the RFC—particularly when opined by an acceptable medical source given great weight—is an error that requires remand." *Cooley v. Berryhill*, No. 6:16-CV-06301-EAW, 2017 WL 3236446, at *12 (W.D.N.Y. July 31, 2017); see also *Booker v. Colvin*, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) ("Given the evidence outlined above and the considerations articulated in SSR 85-15, this Court finds that the ALJ's failure to explain the 'low-stress' limitations included in the MRFC is an error that requires remand."); *Sheffield v. Astrue*, No. 11-CV-1176, 2012 WL 5966610, at *2 (N.D.N.Y. Nov. 28, 2012) (remanded because the ALJ failed to adequately evaluate the plaintiff's ability to handle stress in making the RFC determination); *Smith v. Astrue*, No. 09-CV-470 (TJM/VEB), 2011 WL 6739509, at *7 (N.D.N.Y. Nov. 4, 2011) (remanded because the ALJ failed to make specific findings about the nature of the claimant's stress, the circumstances that trigger it, and how those factors affect his ability to work); *Lomax v. Comm'r of Soc. Sec.*, No. 09-CV-1451, 2011 WL 2359360, at *3 (E.D.N.Y. June 6, 2011) ("The ALJ failed to address whether plaintiff is mentally capable of dealing with

the stress and demands of the workplace. Thus, the ALJ did not fulfill his legal obligation to adequately explain his reasoning in making the findings on which his ultimate decision rests and, in doing so, to address all the pertinent evidence."). The ALJ's RFC limitation that Davis could work in a "low stress" environment does not substitute for the requirement that he specifically inquire into and analyze Davis' ability to manage stress. See *Booker v. Colvin,* 14-CV-407-S, 2015 WL 4603958, at *3 (W.D.N.Y. Jul. 30, 2015).

Further, in determining Davis' RFC, the ALJ gave "significant weight" to Dr. Fabiano's opinion, but ignored that portion of his opinion stating that Davis had difficulties dealing with stress. An ALJ may not "cherry pick" from a medical opinion, *i.e.*, he may not credit evidence that supports administrative findings while ignoring conflicting evidence from the same source. *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015) (" 'Cherry picking' can indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both.").

## CONCLUSION

For the reasons stated, Davis' motion for judgment on the pleadings (Dkt. No. 7) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. No. 8) is denied, and this case is remanded for further administrative proceedings consistent with this Decision and Order.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:   June 2, 2020
         Buffalo, New York

_____
MICHAEL J. ROEMER
United States Magistrate Judge